April 1st, 1912.

————o————

5549.

(Court of Appeal, Parish of Orleans.)

## STATE EX REL. ORLEANS HOMESTEAD ASSOCIATION vs. RECORDER OF MORTGAGES, ET AL.

*A building is not completed within the meaning of Act 134 of 1906, until it is ready for final delivery and has been tendered to the owner, and he has accepted the same, or is in default for not having done so.*

Appeal from the Civil District Court, Division "A."

R. H. Marr, Daniel J. Murphy, for plaintiff.

Denegre, Blair & Chaffe, for appellant.

H. W. Robinson, for appellee.

ST. PAUL, J.—This is a proceeding by mandamus to compel the erasure of certain liens claimed by furnishers of materials under the provisions of Act 134 of 1906, and appellant has reconvened for the amount of its claims.

At the opening of the trial the following was agreed upon as the issue to be tried:

"Agreement; It is agreed that in this case the investigation shall be restricted to ascertaining whether or not the liens claimed by the various parties defendant were inscribed within forty-five days after the completion of the building."

As appellant's lien was inscribed on January 21st, 1911, being the forty-fifth day after the 7th day of December, 1910, it follows that it was incribed in time if the building was not completed before that date.

In the record we find this communication dated December 11th, 1910, addressed to the owner the Homestead Association, and signed "J. H. LaBesque, Expert," to wit:

"Gentlemen: I beg to state that the building of Miss Lottie Schirmer is now completed, and she is now occupying same, and that the contract obligations have been carried out to the letter, to the best of my knowledge and belief, and I have accepted same from the contractor on December 7th, and payment on same is now due. Miss Schirmer is well satisfied, as you well know that this matter has been pending completion for some time."

Mr. LaBesque testified that he was the inspector for the Homestead Association, who were erecting the building for account of Miss Schirmer, and that he "was there to see that she got what was promised her, and also to look out for the interests of the Orleans Homestead Association." He further testified that the building was practically completed some two or three weeks before December 7th, on whch day he made his final inspection and accepted the building; and he adds: "My reasons for not issuing the certificate before, was that

there were some additions; for instance, a fence for which Miss Schirmer was claiming demurrage, * * * and a glass door not placed in exact position * * * there were three or four items in the building that she was not satisfied with * * *.''

He was then asked: ''Then you say that the building was completed three weeks prior to that time, but the certificate was not issued because there were certain alterations that had to be made,'' and he answered ''Yes, sir.''

Markel, the contractor testified ''that the last work done by his own men * * * was on the morning of the 7th * * * before his appointment with Mr. LaBesque, the inspector, at which time the certificate was issued. That the character of the work done there was changing some hardware from one finish to another in the cupola of the front living room, from brass finish to black, or barff buff finish,'' to-wit: the fastenings at top and bottom on eight pairs of window sashes, which change was made to comply with the specifications.

It therefore appears that until the morning of December 7th, the building was not finished according to the specifications, and had not been accepted or even tendered as being so. Nor could it be so completed, and the owner be obliged to accept delivery thereof, until the aforementioned changes had been made.

We think that a building is not completed within the meaning of Act 134 of 1906, until it is ready for final delivery and has been tendered to the owner, and he has accepted the same, or is in default for not having done so.

A building cannot be said to be complete until it is ready for delivery to the owner, and has ceased to be at the risk of the contractor or undertaker. **C. C. 2758.**

It is therefore ordered that the judgment appealed

from be reversed, and it is now ordered that the alternative writ of mandamus herein issued be recalled and set aside, and that relator's demand be rejected at its costs. It is further ordered that appellant, Stauffer, Eshleman & Company, Limited, do have judgment in reconvention against relator, the Orleans Homestead Association, for the full sum of one hundred and two and 31/100 dollars ($102.31) with legal interest from January 21st, 1911 until paid, with recognition of its lien and privilege as inscribed in the Mortgage Office for the Parish of Orleans, in Book 1015, folio 432, and the costs of both Courts.

April 1st, 1912.